6 F.3d 787
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Richmond AEA and Theresa Aea, Parents and Next Friends of
Stephen Aea, Petitioners-Appellants,
v.
SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Respondent-Appellee.
 No. 93-5023.
 United States Court of Appeals, Federal Circuit.
 Sept. 16, 1993.
 
 Before NEWMAN, MICHEL, and SCHALL, Circuit Judges.
 SCHALL, Circuit Judge.
 
 
 1
 Petitioners, parents and next friends of Stephen Aea, appeal the August 28, 1992 order of the United States Claims Court affirming the May 8, 1992 decision of the special master denying petitioners compensation under the National Vaccine Injury Compensation Program. 42 U.S.C. Sec. 300aa-1 et seq. (1988 & Supp. III 1991) (the "Act").[1] We affirm.
 
 DISCUSSION
 
 2
 The Court of Federal Claims may not disturb a special master's decision under the Act unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 42 U.S.C. Sec. 300aa-12(e)(2)(B). "This court reviews the Court of Federal Claims determination under this highly deferential standard de novo." Cucuras v. Secretary of the Dep't of Health & Human Servs., 993 F.2d 1525, 1527 (Fed.Cir.1993) (citations omitted). A decision is arbitrary and capricious if it
 
 
 3
 relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the [special master], or is so implausible that it could not be ascribed to a difference in view or the product of [the special master's] expertise.
 
 
 4
 Motor Vehicle Mfrs. Assn. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).
 
 
 5
 On appeal, petitioners' various arguments boil down to the contention that the special master erred in concluding that petitioners had failed to establish by a preponderance of the evidence, 42 U.S.C. Sec. 300aa-13(a)(1)(A), that Stephen Aea suffered a table injury, 42 U.S.C. Sec. 300AA-14(a), from his third diphtheria-tetanus-pertussis vaccination. Specifically, petitioners argue that the special master erred in rejecting the testimony of Mrs. Aea and Dr. Thoman, petitioners' expert witness.
 
 
 6
 The special master concluded that Mrs. Aea's testimony of events which transpired eight to ten years earlier was less credible than the contemporaneous medical records introduced into evidence. The special master found aspects of Mrs. Aea's testimony uncertain, generalized, and unclear. On the other hand, the special master found no indication that the medical records were "incorrect, incomplete, or in any way unreliable."
 
 
 7
 After reviewing the record on appeal, this court agrees with the Court of Federal Claims that the special master did not err in rejecting the testimony of Mrs. Aea and in relying upon the medical records to determine the onset of Stephen Aea's illness. We have previously recognized that the Act
 
 
 8
 bars the court or a special master from finding a table injury 'based on the claims of the petitioner[s] alone, unsubstantiated by medical records or by medical opinion.' 42 U.S.C. Sec. 300aa-13(a)(1). Moreover, the Supreme Court counsels that oral testimony in conflict with contemporaneous documentary evidence deserves little weight.
 
 
 9
 Cucuras, 993 F.2d at 1528 (citations omitted).
 
 
 10
 Petitioners also argue that the special master erred in rejecting the testimony of Dr. Thoman. According to petitioners, the special master substituted his prejudiced lay opinion for the uncontroverted expert testimony of Dr. Thoman. However, as set forth in the special master's report and in the decision of the Court of Federal Claims, Dr. Thoman's testimony was rejected because it was internally inconsistent, speculative in nature, contradicted by an earlier report written by Dr. Thoman, and premised upon a set of facts inconsistent with those established in the medical records.
 
 
 11
 "[U]ncontradicted opinion testimony is not conclusive if it is intrinsically nonpersuasive." Sternberger v. United States, 401 F.2d 1012, 1016 (Ct.Cl.1968). Furthermore, the Act states, with respect to any diagnosis, conclusion, or medical judgment in the record concerning the condition that forms the basis for the claim for compensation, that
 
 
 12
 [a]ny such diagnosis, conclusion, judgment, test result, report, or summary shall not be binding on the special master or the court. In evaluating the weight to be afforded to any such diagnosis, conclusion, judgment, test result, report, or summary, the special master or court shall consider the entire record and the course of the injury, disability, illness, or condition until the date of the judgment of the special master or court.
 
 
 13
 42 U.S.C. Sec. 300aa-13(b)(1). This statement certainly applies to the retrospective opinion of an expert witness. The assessment of the credibility of Dr. Thoman in light of the evidence of record, including Dr. Thoman's own testimony, was uniquely within the special master's purview. As such, the assessment is "virtually unreviewable" by this court. Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).
 
 
 14
 Petitioners further argue that the special master conducted a "sham" hearing, and was predisposed against their expert witness and their case. Part and parcel to this argument is petitioners' contention that the special master conducted the proceedings with a "hostility" incompatible with the compensatory nature of the Act. It is true that the special master's report was sharply critical of Dr. Thoman's opinion (which was the linchpin of petitioners' case). However, we do not believe that the special master's criticism was a product of bias. Rather, we read the special master's criticism as being based upon his assessment of the evidence, an assessment which we conclude is supported by the record.
 
 
 15
 Finally, petitioners argue that the special master erred in deciding the case against them without hearing the government's evidence. Congress did amend the Act to require that the Secretary of Health and Human Services and the Attorney General "participate" in actions before the special master and the court. H.R.Conf.Rep. No. 386, 101st Cong., 1st Sess., 513, reprinted in 1989 U.S.Code Cong. & Admin.News 3018, 3116-18. Prior to this amendment, petitioners were at times prejudiced by the government's absence in proceedings before the special master. Without government representation, petitioners could not obtain stipulations to uncontested facts or to the admissibility of evidence. See Bunting v. Secretary of the Dep't of Health & Human Servs., 931 F.2d 867, 870 (Fed.Cir.1991).
 
 
 16
 In the present case, however, petitioners did not suffer such prejudice. The government actively participated in the proceedings before the special master. On appeal, petitioners do not contend that any particular fact or set of facts remained undeveloped before the special master. Nor do they contend that they were barred from presenting any aspect of their case in chief. Rather, at oral argument, counsel for petitioners suggested that some unspecified "rebuttal" evidence was not presented as a result of the special master not receiving any evidence from the government. If such was the case, counsel's choice of trial tactics, not the special master's ruling, was responsible for petitioners' missed opportunity to develop the record in their favor.
 
 
 17
 Petitioners, not the government, bore the ultimate burden of proof. 42 U.S.C. Sec. 300aa-13(a). The special master had discretion to rule on petitioners' claim on the basis of the evidence presented by petitioners, without requiring that the government present its case in chief.
 
 
 18
 In sum, this court will not substitute its judgment for that of the special master. Petitioners have not established that the special master's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.
 
 
 
 [1]
 Aea v. United States, 26 Cl.Ct. 878 (1992). On October 29, 1992, the United States Claims Court was renamed the "United States Court of Federal Claims." Federal Courts Administration Act of 1992, Pub.L. No. 102-572, Sec. 902(a), 106 Stat. 4506, 4516. For purposes of this opinion, we will refer to the court by its new name